UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| OTTO SCHROEDER and ANNETTE GUCCIARDO,<br><br>     Plaintiffs,<br><br>  v.<br><br>QUICK & CLEAN BEVERAGES LLC and RDE, LLC,<br><br>     Defendants. | No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, Otto Schroeder and Annette Gucciardo (individually "co-Plaintiff" and collectively "Plaintiffs"), file this Complaint and demand for jury trial seeking relief from infringement of the claims of U.S. Patent No. 10,279,988 ("the 988 Patent", included as Exhibit A and part of this Complaint) (also referred to herein as the "Patent-in-Suit") by Defendants Quick & Clean Beverages LLC and RDE, LLC.

## I.  THE PARTIES

1. Plaintiffs Otto Schroeder and Annette Gucciardo are residents of New York State, residing in Mineola, New York.

2. The 988 Patent issued on May 7, 2019 and listed Otto Schroeder and Annette Gucciardo as co-inventors. Neither Otto Schroeder nor Annette Gucciardo have assigned any of their rights in and to the 988 Patent to any third party. Otto Schroeder and

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Annette Gucciardo are joint owners of all rights, title, and interest in and to the 988 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiffs possess the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendants.

3.    On information and belief, Quick & Clean Beverages LLC (hereinafter "QC" or "Defendant" or "Codefendant") is a limited liability company organized and existing under the laws of the State of Washington, with headquarters at 110 W. Dayton Street, Edmonds, WA 98020 and registered to do business in California, and has a regular and established business at 12325 Mills Avenue, Suite 22, Chino, CA 91710.

4.    On information and belief, QC owns, operates, and/or controls the QuicknCleancup.com website. QC also operates a Quick & Clean store on Amazon.com. QC has offered and offers to sell, and has sold and sells, products and services throughout the United States including in the state of Washington, including in this judicial district. On information and belief, QC has offered and offers to sell, has marketed and markets, sells and has sold, and has introduced Quick & Clean cleaning pods/cups ("the Accused Products"), for example through the QuicknCleancup.com website, Amazon.com, and other third-party online websites, that infringe the Patent-in-Suit into the stream of commerce knowing that they would be sold and used in and throughout the United States, including in the state of Washington and in this judicial district.

5.    On information and belief, RDE LLC (hereinafter "RDE" or "Defendant" or "Codefendant") is a limited liability company organized and existing under the laws of the state of Washington with a regular and established place of business at 110 W. Dayton Street, Suite 3-201, Edmonds, WA 98020.

6.    On information and belief, RDE has registered the tradename Alliant Coffee Solutions in the state of Washington. On information and belief, RDE owns and

COMPLAINT FOR PATENT
INFRINGEMENT
Page 2

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

operates the alliantcoffee.com website. On the alliantcoffee.com website under the tab "Our Brands" is listed Quick & Clean single cup brewer cleaning cups. RDE has offered and offers to sell, has marketed and markets, and has sold and sells, products and services throughout the United States including in the state of Washington, including in this judicial district.  On information and belief, RDE has offered and offers to sell, has marketed and markets, has sold and sold, and has introduced Quick & Clean cleaning pods/cups, for example through the Alliantcoffee.com website, that infringe the Patent-in-Suit into the stream of commerce knowing that they would be sold in and used in and throughout the United States, including in the state of Washington, and in this judicial district.

7.    On information and belief, Donald Stoulil is a co-manager of QC and a member of RDE. On information and belief, Ryan Stoulil is a manager of RDE, President of Alliant Coffee Solutions, and indicated on the 2026 Annual report of QC as from the principal office. On information and belief, QC is related to and/or an affiliate of RDE.

## II.    JURISDICTION AND VENUE

8.    This Court has original and exclusive subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiffs' claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

9.    This Court has personal jurisdiction over Defendants because: (i) the Defendants are present within and/or have minimum contacts within the States of Washington and this judicial district; (ii) Defendants have purposefully availed themselves of the privileges of conducting business in the State of Washington and in this judicial district; and (iii) Plaintiffs' cause of action arises directly from Defendants' business contacts and other activities in the State of Washington and in this judicial district; (iv) Defendants have committed acts of patent infringement in this judicial district, and Plaintiffs have suffered harm in this judicial district.

COMPLAINT FOR PATENT
INFRINGEMENT
Page 3

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

10.     Venue is proper in this district under 28 U.S.C. § 1400(b). Defendants have both committed acts of infringement, are incorporated within the State of Washington, and are headquartered in this judicial district. Further, venue is proper because both Defendants conduct substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services sold and provided to individuals in Washington and this judicial district.

### III.     FIRST CLAIM

### Direct Infringement of the 988 Patent

11.     Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

12.     On May 7, 2019, the 988 Patent, entitled "Safety and Cleaning Device For Single Cup Coffee Maker" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiffs as coinventors of the 988 Patent, who have not assigned any of their rights in and to the 988 Patent, jointly own the 988 Patent.

13.     Defendants have directly infringed and continue to directly infringe under 35 U.S.C. § 271(a) one or more claims of the 988 Patent by having made, making, having used, using, having offered to sell, offering to sell, having sold, selling, having imported, and/or importing at least its Quick & Clean cleaning pods/cups, in the field of cleaning products for brewing machines, that have infringed, continue to infringe, and are specifically designed to infringe one or more of the claims of the 988 Patent, including one or more of claims 1-19, literally and/or under the doctrine of equivalents. Defendants by having made, making, having used, using, having offered to sell, offering to sell, having sold, and/or selling their Quick & Clean cleaning pods/cups put and continue to put the inventions claimed by the 988 Patent into service; but for Defendants' actions, the

COMPLAINT FOR PATENT
INFRINGEMENT
Page 4

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

claimed-inventions including Defendants' Quick & Clean cleaning pods/cups would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform and enabled and continue to enable Defendants' procurement of monetary and commercial benefit therefrom.

14.     The Quick & Clean cleaning pods/cups for Keurig machines that directly infringe the 988 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, are advertised on QC's QuicknCleancups.com website and on Amazon. Exemplary advertisements showing the features of the infringing Quick & Clean cleaning pods/cups for the Keurig machines taken from the QuicknCleancup.com website are attached as Exhibit B. Further advertising materials of the infringing Quick & Clean cleaning pods/cups from the QuicknCleancup.com website are attached as Exhibit C. The listing of Quick & Clean cleaning pods/cups for the Keurig machines, including the product highlights and instructions for use, taken from the Amazon website is attached as Exhibit D.

15.     The Quick & Clean cleaning pods/cups for Keurig machines that directly infringe the 988 Patent literally and/or under the doctrine of equivalents are advertised on RDE's alliantcoffee.com website. Under the tab "Our Brands," Quick & Clean is listed as a product on the Alliant website, as illustrated by Exhibit E. The page on the Alliantcoffee.com website listing the infringing Quick & Clean cleaning pods/cups for the Keurig machines, with the product highlights is attached as Exhibit E.

16.     Support for the allegations of direct infringement by the Quick & Clean cleaning pods/cups for the Keurig machines can be found in the preliminary exemplary claim chart attached as Exhibit F demonstrating how the Quick & Clean cleaning pods/cups for the Keurig machines infringe, literally and/or under the doctrine of equivalents, at least independent claim 1 of the 988 Patent. Claims dependent upon independent claim 1 are also directly infringed, literally and/or under the doctrine of

COMPLAINT FOR PATENT
INFRINGEMENT
Page 5

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

equivalents, by the Defendants' activities involving the Quick & Clean cleaning pods/cups for the Keurig machines. These allegations of infringement are preliminary and are therefore subject to change.

17. Plaintiffs repeat and reallege as if fully set forth herein the allegations and statements contained in the claim chart of Exhibit F.

18. The Quick & Clean cleaning pods/cups for Ninja machines that directly infringe the 988 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, are advertised at least on the Amazon website. The listing of Quick & Clean cleaning pods/cups for the Ninja machines, including the product highlights and instructions for use, taken from the Amazon website is attached as Exhibit G.

19. Support for the allegations of direct infringement by the Quick & Clean cleaning pods/cups for the Ninja machines may be found in the preliminary exemplary claim chart attached as Exhibit H demonstrating how the Quick & Clean cleaning pods/cups for the Ninja machines infringe, literally and/or under the doctrine of equivalents, at least independent claim 1 of the 988 Patent. Claims dependent upon independent claim 1 are also directly infringed, literally and/or under the doctrine of equivalents, by the Defendants' activities involving the Quick & Clean cleaning pods/cups for the Ninja machines. These allegations of infringement are preliminary and are therefore subject to change.

20. Plaintiffs repeat and reallege as if fully set forth herein the allegations and statements contained in the claim chart of Exhibit H.

21. On information and belief, Defendants also have and continue to directly infringe, literally and/or under the doctrine of equivalents, the 988 Patent by using and testing the Accused Products, including the Quick & Clean cleaning pods/cups for the Keurig and Ninja brewing machines.

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

**Actual Knowledge of Infringement of the 988 Patent**

22.    Plaintiffs in 2018 provided Defendants with notice of the parent patent application from which the 988 Patent issued.

23.    On information and belief, as a result of Plaintiffs providing notice of the parent application from which the 988 Patent issued, Defendants learned of the later issued 988 Patent, or alternatively, were willfully blind to the issuance and existence of the 988 Patent.

24.    Plaintiffs, in addition, provided Defendants with notice of the 988 Patent at least as early as January 2024 and further provided Defendants with notice of their infringement by Defendants' offer to sell, sale, and use of the Accused Products, including the Quick & Clean cleaning pods/cups identified in this Complaint, as early as January 2024, before the filing of this Complaint. Accordingly, Defendants have had actual knowledge of the 988 Patent and the infringements alleged herein since they received notice from Plaintiffs as early as January 2024.

25.    Despite such actual knowledge of the 988 Patent and their infringement, Defendants continue to make, have made, use, test, advertise, market, offer to sell, and sell in the United States the Accused Products, including the Quick & Clean cleaning pods/cups identified in this Complaint, that infringe the 988 Patent.

26.    As a direct and proximate cause of Defendants' direct infringement of the 988 Patent under 35 U.S.C. § 271(a) Plaintiffs have been and continue to be damaged by Defendants in an amount to be proven at trial, but no less than a reasonable royalty.

27.    Defendants' conduct has been willful, making this an exceptional case under 35 U.S.C. § 285 and entitling Plaintiff to enhanced damages and attorneys' fees.

COMPLAINT FOR PATENT
INFRINGEMENT
Page 7

## IV.    SECOND CLAIM

### Induced Infringement of the 988 Patent

28.    Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

29.    Defendants continue to make, have made, market, advertise, offer to sell, and sell products, including the Quick & Clean cleaning pods/cups identified in this Complaint, and distribute product literature and publish website materials that has induced and continues to induce end users including its customers to use its products, including the Quick & Clean cleaning pods/cups identified in this Complaint, in the customary, intended, and instructed manner that directly infringes, literally and/or under the doctrine of equivalents, one or more claims of the 988 Patent in violation of 35 U.S.C. § 271(b).

30.    As set forth in the claim charts of Exhibits F and H, Defendants' products, including the Quick & Clean cleaning pods/cups identified in this Complaint, at least during their use, practice the technology claimed in the 988 Patent. Defendants through their having made, making, marketing, offering to sell, and selling have induced and continue to induce their customers to use the Accused Products in a manner that infringes, either literally and/or under the doctrine of equivalents, the 988 Patent in violation of 35 U.S.C. § 271(b).

31.    By way of example, customers of Defendants directly infringe at least claim 1 of the 988 Patent when they insert a Quick & Clean cleaning pod/cup into the brewing chamber of a brewing machine, initiate a cleaning cycle via the machine interface, and cause the cleaning fluid to be dispensed from the Quick & Clean cleaning pod/cup, as instructed by published materials of Defendants, including the materials published by Defendants in Exhibits B-E and G.

32.    Since acquiring knowledge of the 988 Patent, Defendants have known, or have been willfully blind to the fact, that the use of Defendants' products, including their Quick & Clean cleaning pods/cups identified in this Complaint, in the manner instructed by

COMPLAINT FOR PATENT
INFRINGEMENT
Page 8



Defendants directly infringes, literally and/or under the doctrine of equivalents, one or more claims of the 988 Patent.

33.    Defendants have actively, knowingly, and intentionally continued to induce infringement of the 988 Patent by its customers, literally and/or by the doctrine of equivalents, pursuant to 35 U.S.C. §271(b), by selling products in the United States, including the Quick & Clean cleaning pods/cups identified in this Complaint, to their customers and by encouraging, instructing and facilitating their customers' use of Defendants' products, including the Quick & Clean cleaning pods/cups identified in this Complaint, in a manner that infringes one or more claims of the 988 Patent, including at least independent claim 1.

34.    Defendants have taken affirmative steps to induce infringement, including but not limited to: providing instructions, manuals, and guides that instruct customers to use its Quick & Clean cleaning pods/cups identified in this Complaint, in a brewing machine in an infringing manner; publishing online at quickncleancup.com instructions demonstrating how to use the Accused Products in an infringing manner; and promoting the use of the Accused Products with brewing machines on online retailers, such as for example, Amazon.com, including having their own Quick & Clean store on Amazon, in a manner that encourages infringing use of the Accused Products.

35.    Defendants' instructions and promotional materials are designed to and have caused and continue to cause its customers to use the Accused Products in a manner that infringes the 988 Patent, including at least independent claim 1.

36.    As direct and proximate cause of Defendants' induced infringement under 35 U.S.C. § 271(b), Plaintiffs have been and continue to be damaged by Defendants in an amount to be proven at trial, but no less than a reasonable royalty.

37.    Defendants' conduct has been willful, making this an exceptional case under 35 U.S.C. § 285 and entitling Plaintiff to enhanced damages and attorneys' fees.

COMPLAINT FOR PATENT
INFRINGEMENT
Page 9

## V.    THIRD CLAIM

### Contributory Infringement of the 988 Patent

38.    Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

39.    Defendants have contributorily infringed and continue to contributorily infringe one or more claims of the 988 Patent, including at least independent claim 1, under 35 U.S.C. § 271(c) by offering to sell, marketing, supplying, and/or selling within the United States the Accused Products, including the Quick & Clean cleaning pods/cups identified in this Complaint.

40.    By way of example, customers of Defendants directly infringe, either literally and/or under the doctrine of equivalents, independent claim 1 when they use the Accused Products by: inserting the Accused Products, including the Quick & Clean cleaning pods/cups, into a brewing machine, and initiating a cleaning cycle which causes the cleaning composition to flow out of the cleaning pod/cup.

41.    The Accused Products, including the Quick & Clean cleaning pods/cups identified in this Complaint, constitute a necessary and material part of the 988 Patent, including at least independent claim 1. The Accused Products, including the Quick & Clean cleaning pods/cups identified in this Complaint, constitute a material part of the claimed invention, including because at least during their use in cleaning brewing machines they meet the limitations of one or more claims of the 988 Patent, including at least independent claim 1.

42.    The Accused Products, including the Quick & Clean cleaning pods/cups identified in this Complaint, are specifically designed and intended to be used in a manner that infringes one or more claims of the 988 Patent, including at least independent claim 1.

43.    The Accused Products, including the Quick & Clean cleaning pods/cups identified in this Complaint, are not staple articles of commerce suitable for substantial non-

COMPLAINT FOR PATENT
INFRINGEMENT
Page 10

infringing use. Rather, when used as intended and in accordance with Defendants' instructions, labeling, and marketing, the Accused Products necessarily practice one or more claims of the 988 Patent, including at least independent claim 1.

44.     The Accused Products, including the Quick & Clean cleaning pods/cups identified in this Complaint, are specially made and adapted so that they directly infringe during their use one or more claims of the 988 Patent, including at least independent claim 1, and have no substantial use outside of practicing the claimed invention, including because they are specifically dimensioned and configured for use in an infringing manner.

45.     The Defendants have known, or have been willfully blind to the fact, that the Accused Products, including the Quick & Clean cleaning pods/cups identified in this Complaint, are especially made or adapted for use in infringing the 988 Patent, are not suitable for any substantial non-infringing use, and that their customers' use of the Accused Products as intended constitutes direct infringement.

46.     Defendants' offer for sale, marketing, and sale of the Accused Products, including the Quick & Clean cleaning pods/cups identified in this Complaint, to their customers with knowledge that the Accused Product is especially made and/or adapted for use in infringement and is not suitable for substantial non-infringing use has contributed to and continues to contribute to the direct infringement of the 988 Patent by its customers.

47.     As a direct and proximate result of Defendants' contributory infringement under 35 U.S.C. § 271(c), Plaintiffs have been and will continue to be damaged in an amount to be proven at trial, but no less than a reasonable royalty.

48.     Defendants' conduct has been willful, making this an exceptional case under 35 U.S.C. § 285 and entitling Plaintiffs to enhanced damages and attorneys' fees.

## VI.     JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues so triable by right.

COMPLAINT FOR PATENT
INFRINGEMENT
Page 11



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

a. enter judgment that Defendants have infringed, directly and/or indirectly under 35 U.S.C. § 271(a), (b), and/or (c), one or more of the claims of the 988 Patent;

b. enter a judgment that the 988 Patent is valid and enforceable;

c. award Plaintiffs damages in an amount sufficient to compensate them for Defendants' infringement of the 988 Patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

d. award Plaintiffs an accounting for acts of infringement not presented at trial and an award by the Court of additional damages for any such acts of infringement;

e. preliminarily and permanently enjoin Defendants pursuant to 35 U.S.C. § 283 from directly and/or indirectly infringing, inducing the infringement of, and/or contributing to the infringement of the 988 Patent, including by making, having made, marketing, offering to sell, selling, and/or using the Accused Products, including the Quick & Clean cleaning pods/cups identified in this Complaint;

f. require Defendants to immediately cease and desist from any infringing activities;

g. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiffs their attorneys' fees, expenses, and costs incurred in this action;

h. declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 285;

i. award Plaintiffs such other and further relief as this Court deems just and proper.

COMPLAINT FOR PATENT
INFRINGEMENT
Page 12



**ARÊTE LAW GROUP**
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

DATED: July 20, 2026.

**ARETE LAW GROUP PLLC**

By: */s/ Jeremy E. Roller*
Jeremy E. Roller, WSBA No. 32021
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
jroller@aretelaw.com

**SCULLY, SCOTT, MURPHY & PRESSER, P.C.**
Brian M. Rothery (*pro hac vice* application to be filed)
Peter I. Bernstein (*pro hac vice* application to be filed)
400 Garden City Plaza - Suite 300
Garden City, NY 11530
brothery@ssmp.com
pibernstein@ssmp.com

*Attorneys for Plaintiffs Otto Schroeder and Annette Gucciardo*

COMPLAINT FOR PATENT
INFRINGEMENT
Page 13



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250